**HALLORAN v MERRITT, Admr**

Ohio Appeals, 6th Dist, Lucas Co

No 2773.  Decided Jan 29, 1934

Logan & Daugherty, Toledo, and F. W. Geiger, Springfield, for plaintiff in error.

Tyler, Wilson & Rhinefort, Toledo, for defendant in error.

## OPINION

By LLOYD, J.

It seems apparent that §10673, GC, does not require nor contemplate the filing of anything in the proceedings brought thereunder except a complaint such as was filed in the instant case.

The evidence submitted at the hearing thereafter had in the Court of Common Pleas affirmatively shows that Aaron J. Halloran resided and now resides in Springfield and was a grandson of the decedent; that some time prior to his death the decedent went to Springfield and personally delivered to his grandson, Aaron, the property which is the basis of the complaint upon which the hearing was had. Aaron claimed and testified that his grandfather gave him the property in controversy and the testimony of other witnesses tended to support the claim so made.

The administrator called witnesses, physicians and others, to prove that James Halloran was of unsound mind at and prior to the time of the claimed gift, and therefore had not the mental capacity to make a valid gift, and plaintiff thereupon offered evidence tending to show that his grandfather was of sound mind and in all respects mentally capable of disposing of his property.

The only issue presented by the evidence adduced at the hearing was whether or not the property delivered by James Halloran to his grandson was intended to be and was in fact a gift, and bore no relation to the charge made in the complaint. As presented, the proceedings assumed the character of a suit in equity, whereas in fact the proceedings were special and summary in nature and not a civil action within the meaning of the Code, and was limited to the purposes specified in the statute. Moreover, the Probate Court is a court of limited jurisdiction and the limited purposes of the complaint were not enlarged by the filing thereof and the hearing had thereon in the Court of Common Pleas.

The questions asked of the first witness by counsel for the administrator related to the mental condition of the decedent and clearly show that counsel were aware of the question to be determined. Counsel for plaintiff in error called the attention of the court to the incongruity of thus proceeding, by saying:

"I wish to make a motion to have all testimony of this witness stricken from the record on the ground it is not responsive to the allegations of the complaint and has no reference at all to either any concealment or carrying away of bonds. It is simply an attempt to show that the deceased was insane or mentally incapacitated, which is not in this case at all."

This motion was overruled, to which ruling the plaintiff in error duly excepted.

Thus the hearing assumed the aspect of a trial of a civil action over the protest of plaintiff instead of the hearing contemplated by §10673, GC. Our conclusion is that there was no warrant or justification for so anomulous a proceeding and that the court was without power or authority to transmute a special proceeding limited to the purposes enumerated in §10673, GC, into a suit in equity.

The judgment of the Court of Common Pleas is therefore reversed and the cause remanded thereto for further proceedings according to law.

Reversed and remanded.

RICHARDS and WILLIAMS, JJ, concur.